UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Prince Wilson, ) | Civil Action No.: 8:17-cv-00249-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Prince Wilson has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is now before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02(B)(2)(a) and 83.VII.02 (D.S.C.). [ECF # 17]. The Magistrate Judge recommends that the Court reverse and remand the Commissioner's final decision for further administrative action. [ECF #17, p. 1]. On April 25, 2018, the Commissioner filed a notice that she would not be filing objections to the R&R. [ECF #18]. This Court has thoroughly reviewed the record in this case. This Court agrees with the Magistrate Judge that the Commissioner's decision must be reversed and remanded consistent with this Order.

**Legal Standard**

**I.      Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Social

Security Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**II.     The Court's Review of the Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in

2

whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Neither party has filed objections to the R & R, and the time for doing so has expired.[1] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

## Discussion

The Magistrate Judge recommends remanding this case for further administrative action based upon the Plaintiff's arguments in supporting a finding that he has been disabled since January 30, 2011. Under the five step sequential process under the Social Security Act, if a claimant can demonstrate at Step Three that he meets the requirements for one of the listed impairments, that claimant has established his right to disability benefits. 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. § 416.920. In recommending that this case be remanded for a second time, the Magistrate Judge determined that the ALJ's reasons for determining that Plaintiff did not meet the qualifications for disability under Listing 12.05 were not consistent with the law, and thus, not supported by substantial evidence.[2] Indeed, this

---

[1]     Objections to the R & R were due by April 27, 2018. [ECF #17]. The Commissioner filed a notice stating she would not be filing objections. [ECF #18].

[2]     As the Magistrate Judge correctly pointed out, the Listings evaluating mental disorders were amended as of January 17, 2017, pursuant to the final rule on Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138-01, 2016 WL 5341732 (Sept. 26, 2016). In the revision, the Social Security Administration states, "[w]e expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions. If a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make

Court finds the ALJ's lack of a full and adequate explanation for rejecting Plaintiff's claim for disability based upon this Court's initial remand troubling. Therefore, this Court agrees with the Magistrate Judge that remand is necessary to properly address Plaintiff's RFC, along with Plaintiff's other allegations of error, including whether he meets the requirements for Listing 12.05, particularly in light of the recent revisions to the Listings.

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts and incorporates by reference the Magistrate Judge's R & R. [ECF #17]. Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), the Court **REVERSES AND REMANDS** the Commissioner's final decision for further administrative action consistent with the R & R.

**IT IS SO ORDERED.**

Florence, South Carolina  　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
May 15, 2018　　　　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

after the court's remand." *Id*. at *66138, n. 1.